UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIRO ABIGAIL LOPEZ RAMOS,

Petitioner,

v. Case No.: 2:26-cv-03049-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Jairo Abigail Lopez Ramos's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Lopez Ramos is a native and citizen of Guatemala who entered the United States as an unaccompanied minor on October 30, 2017. Immigration officials issued a notice to appear, and the Office of Refugee Resettlement released Lopez Ramos to the custody of his brother under an order of release on recognizance (ORR). Lopez Ramos has complied with all terms of the ORR, and he has no criminal record. On October 13, 2026, Lopez Ramos was involved in a vehicle accident and called local police. Florida Highway Patrol responded to the call, arrested Lopez Ramos because of his immigration status, and handed him over to Immigration and Customs Enforcement (ICE).

Lopez Ramos argues his arrest and re-detention without process violated the Fifth Amendment. In response, the government certifies it is detaining

Lopez Ramos under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by requesting a custody redetermination hearing before an immigration judge. But it would make little sense for Lopez Ramos to request a custody redetermination when the initial custody determination resulted in his release. Exhaustion is not required here because the immigration courts cannot consider Lopez Ramos's constitutional claims. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

The Court turns to the merits. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v.*

*Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Lopez Ramos's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally

protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted).

The immigration officials who considered Lopez Ramos's circumstances in 2017 released him on an ORR. 8 C.F.R. § 236.1(c)(9) governs revocation ORRs. It gives certain officials discretion to revoke release and return a noncitizen to government custody.[1] No government official purported to revoke Lopez Ramos's ORR, no official with authority to revoke the ORR took part in his arrest and detention, and the government has provided no reason to justify revocation. Rather, Lopez Ramos's arrest was an apparently arbitrary action made without regard to his history and circumstances. Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Lopez Ramos's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Lopez Ramos's detention serves neither purpose. He remains subject to the terms of

[1] The officials who have authority to revoke release are "the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign)[.]" 8 C.F.R. § 236.1(c)(9).

the ORR, and the government provides no reason to believe those terms are suddenly insufficient. Nor does the government claim he has ever violated them. The record is devoid of any evidence suggesting Lopez Ramos is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Lopez Ramos's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Jairo Abigail Lopez Ramos's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Lopez Ramos and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record